UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KARLA SWIFT,

        Defendant.

_____/

## INDICTMENT

The Grand Jury charges:

(Interstate Travel in Aid of Racketeering)

From in or about February 2008 to on or about April 22, 2010, in Calhoun County, in the Western District of Michigan, and elsewhere,

KARLA SWIFT

did travel and cause others to travel in interstate commerce from the City of Battle Creek in the Western District of Michigan to the State of Arizona with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity, to-wit: the illegal distribution of controlled substances in violation of Title 21, United States Code, Section 841(a)(1), and thereafter did perform and attempt to perform acts to promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on, of such unlawful activity, in that she and others did

obtain, possess and transport hundreds of pounds of marijuana and thousands of dollars of drug proceeds between the two locations.

**18 U.S.C. § 1952(a)(3)(A)**
**21 U.S.C. § 841(a)(1)**
**18 U.S.C. § 2**

## FORFEITURE ALLEGATION

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of the felony offense-- alleged in this Indictment, - which is punishable by imprisonment for more than one year, in violation of Title-- 18 U.S.C. § 1952(a)(3)(A), the Defendant,

## KARLA SWIFT

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT – A sum of money equal to at least $100,000, which represents proceeds traceable to the offense.

2. SUBSTITUTE ASSETS: If any of the proceeds traceable to Defendant's offense, as a result of any act or omission of the Defendant: a) cannot be located upon the exercise of due diligence; b) has been transferred or sold to, or deposited with, a third party; c) has been placed beyond the jurisdiction of the court; d) has been substantially diminished in value; or e) has been commingled with other property that cannot be divided without difficulty, the United States shall be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)
21 U.S.C. § 853(p)
18 U.S.C. § 1952(a)(3)

                                 A TRUE BILL

                                 _____
                                 GRAND JURY FOREPERSON

PATRICK A. MILES, Jr.
United States Attorney

_____
BRIAN K. DELANEY (P#45101)
Assistant United States Attorney